UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25275-CV-MORENO
(17-20804-CR-MORENO)
MAGISTRATE JUDGE REID

EDWIN RENTERIA RENTERIA,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon a Motion to Vacate filed pursuant to 28 U.S.C. § 2255, attacking Movant's sentence following a guilty plea in Case No. 17-20804-CR-MORENO. [ECF No. 1].[1] This matter has been referred to the Undersigned for consideration and report on dispositive matters pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the following reasons, the Motion should be **DENIED**. [ECF No. 1].

### II. Claims

Liberally construing Movant's claims pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following claims:

> 1. Counsel's ineffectiveness at sentencing resulted in a more onerous sentence;
>
> 2. Counsel was ineffective for not advising Movant of the advantages and disadvantages of filing an appeal;

---

[1] This Report uses the citation "[ECF No.]" to reference docket entry numbers in the instant case. Citations to "[CR ECF No.]" refer to docket entry numbers in the underlying criminal case.

      3. The Government violated the Constitution by not bringing
      Movant before a judicial officer within 48 hours.

[ECF No. 1].

### III. Pertinent Factual and Procedural Background

Movant and his Codefendants, Guerrero Sanchez and Vente Gonzalez, pled guilty to conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States in violation 46 U.S.C. § 70506(b). [CR ECF Nos. 34, 35, 36]; *see also* [CR ECF No. 48]. Movant and his Codefendants each received a sentence of 120 months' imprisonment and 10 years' supervisory release to follow. [CR ECF Nos. 34, 35, 36, 48]. Judgment was entered on January 17, 2018. [CR ECF No. 35]. Movant did not appeal. The instant Motion followed. [ECF No. 1]. Any other pertinent details are contained within this Report.

### IV. Threshold Issues - Timeliness

Stated broadly, federal prisoners have a 1-year period to file a Section 2255 motion. *See* 28 U.S.C. § 2255(f). The Government concedes the timeliness of the instant Motion. [ECF No. 9 at 4-5]. The Motion shall, therefore, be treated as timely. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (explaining a respondent's silence after being provided an opportunity to raise a timeliness defense may serve as a waiver of the defense).

### V. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence

that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## VI. Discussion

A. Generally Applicable Substantive Law: Ineffective Assistance

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See id.* at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland*. *See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

3

The deficiency prong is met if no competent counsel would have taken the action that trial counsel took during the proceedings. *See Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, the outcome of the proceeding would have been favorable. *See Strickland*, 466 U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Id.* at 687.

B. Ground One

Liberally construed, Movant claims Counsel's performance resulted in a more onerous sentence because the full amount of the drugs found on the vessel were all attributed to him. [ECF No. 1 at 4, 13]. To be clear, Movant does not contest the weight of the controlled substances. Instead, he argues that Counsel should have objected to allowing the Court to find he was responsible for the entire drug quantity, and that a less onerous sentence would have been imposed but for Counsel's alleged failure. [*Id.* at 13].

"The Maritime Drug Law Enforcement Act grants the United States jurisdiction over 'a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States,' and it forbids individuals on such vessels from both 'possess[ing] with intent to ... distribute ... a controlled substance,' and conspiring to do the same." *United States v. Castillo*, 899 F.3d 1208, 1212 (11th Cir. 2018) (quoting 46 U.S.C. § 70502(a), (b), (c)(1)(C)) (internal citations omitted). "First-time offenders are [statutorily] subject to a mandatory minimum penalty of 10 years of imprisonment for a violation that

'involves…five kilograms or more of a mixture or substance containing a detectable amount of cocaine." *Id.* (citing 21 U.S.C. § 960(b)(1)(B)).[2]

Movant admitted that he was onboard a stateless vessel with approximately 800 kilograms of cocaine in order to distribute that cocaine in exchange for money. [CR ECF No. 48 at 33, 40-41]. Movant also admitted to jettisoning drugs overboard after the Coast Guard ordered the vessel to stop in the water. [*Id.* at 40-41].  Further, Movant waived his right to a PSI. Movant, therefore, admitted all the necessary factual information to subject him to a 10-year mandatory minimum sentence. *See, e.g.*, *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (raising no objections to a PSI or factual proffer renders those facts admitted).

Had counsel objected to the Government's factual basis by arguing the drug quantity attributable to Movant should have been less than the entire amount, it would have been futile. This is because "[t]he government can prove possession of a controlled substance with intent to distribute by showing actual or constructive possession." *United States v. Garcia-Solar*, 775 F. App'x 523, 527 (11th Cir. 2019). "[I]f [the defendant] exercises some measure of control over the contraband, either exclusively or in association with others[,]" possession is shown. *Id.*

Movant admitted that he and his codefendants jettisoned cocaine overboard. [CR ECF No. 48 at 40-41]. Movant knew where the cocaine was, and the Court would have likely found his conduct demonstrates dominion and control over the cocaine. *See United States v. Barona-Bravo*, 685 F. App'x 761, 777 (11th Cir. 2017). Therefore, Movant cannot show Counsel was ineffective

---

[2] The "safety-valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which contains a limitation to imposing statutory minimum sentences in certain cases, are inapplicable to Movant because Title 46 offenses were not entitled to safety-valve relief at the time of Movant's sentencing. True, "Congress recently amended § 3553(f) to add [Title 46] offenses to the list of crimes eligible for safety-valve relief[,] but that amendment applies only "to convictions entered *on or after the date of enactment, December 21, 2018.*" *United States v. Cabezas-Montano*, 949 F.3d 567, 604 n. 36 (11th Cir. 2020) (citing First Step Act § 402(b)) (emphasis added), *cert. denied sub nom. Palacios-Solis v. United States*, No. 19-1195, 2020 WL 3492674 (U.S. June 29, 2020). As previously mentioned, the Court entered its judgment on January 17, 2018—eleven months before the First Step Act's enactment. [CR ECF No. 35].

for not challenging the quantity of drugs attributable to Movant. *See, e.g.*, *Duran v. United States*, 754 F. App'x 852, 855 (11th Cir. 2018) (holding counsel not ineffective for failing to do something that would have been futile).

C. <u>Ground Two</u>

In Ground Two, Movant contends Counsel was ineffective for not advising him about the advantages and disadvantages of filing an appeal. [ECF No. 1]. An Order Requiring Additional Facts was entered for Movant to supply facts pertinent to this claim. [ECF No. 11]. In the Order, Movant was instructed to clarify why he previously asserted that he did not want to appeal. [ECF No. 11 at 3] (citing [CR ECF No. 48 at 55]). He was also instructed to clarify whether he "requested an appeal" to be filed. [*Id.*]. Movant was further instructed to provide specific facts in support of his claim. [*Id.* at 4].

In response, Movant asserted that Counsel knew Movant "was unhappy with the conviction and sentence." [ECF No. 12 at 3]. And that Counsel failed to consult with Movant "about the benefits and detriments of an appeal." [*Id.*]. According to Movant, Counsel should have informed him that failing to appeal could result in procedural bars. [*Id.* at 3-4]. Had Counsel explained this additional detriment, Movant would have allegedly insisted on filing an appeal. [*Id.* at 3].

Movant seems to contend that he reasonably demonstrated an interest in appealing by showing dissatisfaction with the sentence imposed thereby triggering a duty to consult. Alternatively, he claims a rational defendant would have wanted to appeal to preserve claims for future review, which would have also triggered Counsel's duty to consult.

"[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Movant does

not provide any allegations indicating that he specifically requested an appeal. Therefore, counsel is not *per se* ineffective.

"[W]here[, as here,] a defendant has not specifically instructed his attorney to file an appeal, we must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting *Roe*, 528 U.S. at 478). But first, courts must determine whether a constitutional duty to consult has attached. *See Thompson*, 504 F.3d at 1207. A constitutional duty to consult attaches if "any rational defendant would want to appeal" or if "the defendant reasonably demonstrated an interest in appealing." *Id.*

### i. A Reasonably Demonstrated Interest in Appealing

Based on Movant's sworn allegations, he asserts that he "expressed dissatisfaction with the sentence" imposed because "he had never done anything to the United States[.]" [ECF No. 12 at 4]. Under some circumstances, sworn allegations like that of Movant's could be facially sufficient to show a reasonably demonstrated interest in appealing. *See Thompson*, 504 F.3d at 1206-07 (indicating dissatisfaction with the sentence imposed might be sufficient to trigger a duty to consult). However, Movant's case is distinguishable.

As an initial matter, Movant had to provide allegations to support his claim under a heightened pleading standard. *See, e.g.*, *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (explaining on collateral review a "heightened pleading" requirement exists as opposed to the "notice pleading" standard under Fed. R. Civ. P. 8). Movant was also informed that his allegations must be "'reasonably specific' and 'non-conclusory.'" [ECF No. 11 at 2] (citing *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002)). Unsupported generalizations, as he was informed, would not entitle him to an evidentiary hearing. [ECF No. 11 at 2] (citing *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)).

In *Thompson*, the movant expressed that he was "unhappy" with his sentence relative to his similarly situated codefendants who received less onerous sentences. *See Sawyer v. United States*, No. 16-CR-20699, 2018 WL 10812711, at *1 (S.D. Fla. Mar. 1, 2018) (discussing *Thompson*, 504 F.3d at 1206-07). In contrast, while Movant now asserts that he was unhappy with his sentence, Movant received the *same mandatory minimum sentence* as his codefendants. *See Sawyer*, No. 16-CR-20699, 2018 WL 10812711, at *1 (showing *Thompson* did not apply where there were no codefendants with lesser sentences and the movant did not demonstrate an interest in appealing during the sentencing proceeding) (emphasis).

Likewise, the record confirms Movant was well-aware that the mandatory minimum sentence was 10 years' imprisonment. [CR ECF No. 48 at 37-39]. In fact, Movant affirmed that he wanted to proceed with pleading guilty after hearing an extensive explanation of the mandatory minimum sentence that would be imposed. [*Id.* at 37-39]. Movant also confirmed that he did not want to appeal the judgment or sentence during his plea colloquy. [*Id.* at 55].

Movant's plea colloquy statements carry a strong presumption of truth. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). And here, Movant has not provided any new assertions to clarify why he was dissatisfied with a sentence he explicitly bargained for on the record. By failing to provide such an explanation, this leaves Movant's newly raised assertions of dissatisfaction belied by his presumptively true in-court statements. *See, e.g.*, *Winthrop-Redin*, 767 F.3d at 1217 (explaining the "heavy burden" a party must meet to prove their statements during a plea colloquy were false).

Additionally, Movant's assertion that he did not understand why the Court could impose a 10-year sentence when he has "never done anything to the United States" [ECF No. 12 at 4] is undermined by the record. Movant was present while the Court explained "our laws say that the

United States has jurisdiction over a stateless vessel" in international waters and that his "vessel had [at least] 500 kilograms of cocaine" onboard. [ECF No. 48 at 11]. Movant admitted that he knew he was pleading guilty to using a boat to distribute cocaine in exchange for money. [*Id.* at 33]. The record, therefore, shows he understood the basic facts supporting his conviction and heard the basis for the Court's jurisdiction. Movant's new generalized assertions to the contrary again fail to rebut the presumption of truth afforded to his colloquy statements.

With that in mind, "a highly relevant factor [in addressing whether a defendant reasonably demonstrated an interest in appealing is whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe*, 528 U.S. at 480. Another important factor is "whether the defendant received the sentence bargained for as part of the plea[.]" *Id.* Because Movant insisted that he wanted to plead guilty because the mandatory minimum sentence he bargained for would be imposed, and he demonstrated that he understood the basis for his guilty plea, he did not reasonably demonstrate an interest in appealing to Counsel. *See id.* ("[C]ourts must take into account all the information counsel knew or should have known.").

### ii. A Rational Defendant's Desire to Appeal

Movant further argues Counsel's consultation was inadequate because Counsel did not inform him that choosing not to appeal could procedurally bar unpreserved claims on collateral review. Even so, a rational defendant would not have wanted to appeal the mandatory minimum sentence in this case.[3]

---

[3] Movant cited a First Circuit case that purportedly contends the Court's jurisdiction over stateless vessels is debatable. [ECF No. 12 at 3]. That decision was vacated for rehearing *en banc* and issued well after Movant's time to file a notice of appeal. *See United States v. Aybar-Ulloa*, 913 F.3d 47, 55 (1st Cir. 2019), *reh'g en banc granted, opinion vacated*, 947 F.3d 121 (1st Cir. 2020). Importantly, Movant cited a case showing the Eleventh Circuit has found no

### iii. Prejudice

Further, even if Counsel had failed to consult about the advantages and disadvantages of appealing, Movant must show he was prejudiced. Unlike a claim where a Movant specifically instructs his attorney to file an appeal, prejudice is not automatically met. *See Roe*, 528 U.S. at 484-85. Instead, Movant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

As already mentioned, Movant has not explained why his in-court statements should not be entitled to the presumption of truth. A heightened pleading standard applies in collateral proceedings. *See, e.g.*, *Borden*, 646 F.3d at 810. Therefore, based on the record, Movant has not met his burden to show a reasonable probability that he would have wanted to appeal his guilty plea and mandatory minimum sentence, particularly after he bargained for that sentence and stated he did not want to appeal during his plea colloquy and failed to clarify why those statements should not be trusted. Accordingly, this claim should be denied.

### D. Ground Three

In Ground Three, it appears Movant argues that his right to a speedy trial was violated because the Government did not present him before a judicial officer within 48 hours of his arrest on the high seas. The delay, according to Movant, was deliberately caused by the Government to transfer Movant to an unfavorable forum. [ECF No. 1 at 6, 15].

---

constitutional or jurisdictional defect in the MDLEA. Implicit in Movant's argument that other circuits disagree with the Eleventh Circuit is an admission that Eleventh Circuit precedent renders his claim meritless. [ECF No. 12 at 3]; *see also United States v. Ruiz*, 811 F. App'x 540 (11th Cir. 2020). Rational defendants would not want to pursue claims futile claims, particularly after a guilty plea is entered and such a defendant made in-court statements bargaining for the mandatory minimum sentence.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234 (collecting cases). Constitutional claims also fall under the procedural default rule. *See id.*

Movant's claim could have been raised on direct appeal. *See generally United States v. Cabezas-Montano*, 949 F.3d 567, 592 (11th Cir. 2020) (showing a claim much like Movant's was raised on direct appeal); *see also Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (acknowledging a speedy trial claim was resolved on direct appeal). Because it was not, Movant can only avoid a procedural bar by establishing that one of two exceptions apply. *See Lynn*, 365 F.3d at 1234.

The first exception requires Movant to prove cause for not raising the claim on direct appeal and actual prejudice from the alleged error. *See id.* "[T]o show cause for procedural default," there must be "some objective factor external to the defense" that prevented Movant or his counsel from filing such a claim. *See id.* Movant does not provide any explanation. And, to the extent he would argue that his attorney failed to file an appeal thereby precluding this claim from being raised, he is bound by his attorney's decision because "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation[.]" *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Therefore, without cause being met, the Court need not address prejudice for the default.

The second exception, the miscarriage-of-justice exception, also does not apply. Under this exception, "actual innocence, if proved, serves as a gateway through which a [habeas litigant] may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *House v. Bell*, 547 U.S. 518 (2006); *Schlup*

*v. Delo*, 513 U.S. 298 (1995)); *see also Lynn*, 365 F.3d at 1234 (showing its applicability in a § 2255 proceeding).

Here, Movant does not rely on the actual innocence exception. Nor has he provided any new evidence to support that he is innocent. *See Schlup*, 513 U.S. at 316 (explaining "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation" will not allow a federal court to review the procedurally barred claim through this exception.). Accordingly, because neither exception applies, this claim is procedurally barred.

## VII. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* (citing *Winthrop-Redin*, 767 F.3d at 1216); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, an evidentiary hearing is not warranted.

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a

certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). Where a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack*, 529 U.S. at 474, 484.

In this case, there is no basis to issue a certificate of appealability.

### IX. Conclusion

Based on the foregoing, it is recommended that the Motion to Vacate be **DENIED**. [ECF No. 1]. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 27th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Edwin Renteria Renteria
       15099-104
       Coleman Low
       Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 1031
       Coleman, FL 33521
       PRO SE

       Yvonne Rodriguez-Schack
       United States Attorney's Office
       99 NE 4 Street
       Miami, FL 33132
       305-961-9014
       Fax: 536-7213
       Email: Yvonne.Rodriguez-Schack@usdoj.gov

       Noticing 2255 US Attorney
       Email: usafls-2255@usdoj.gov